# In the United States Court of Federal Claims

No. 20-413C

(E-Filed: February 23, 2021)[1]

|  |  |  |
|---|---|---|
| CLARKE HEALTH CARE PRODUCTS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | |
| THE UNITED STATES, | | |
| Defendant, | | Motion for Reconsideration; RCFC 59(a); Scope of Remand; Limited Remand. |
| and | | |
| ARMSTRONG MEDICAL SUPPLY GROUP, LLC, | | |
| Intervenor-defendant, | | |
| and | | |
| CONGRESSIONAL MEDICAL SUPPLY, LLC, | | |
| Intervenor-defendant. | | |

Julie M. Nichols, McLean, VA, for plaintiff. James S. Phillips, of counsel.

Joshua A. Mandlebaum, Trial Attorney, with whom were Jeffrey Bossert Clark, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and L. Misha Preheim,

---

[1] This opinion was issued under seal on January 28, 2021. See ECF No. 57. Pursuant to ¶ 2 of the ordering language, the parties were invited to identify proprietary or confidential material subject to deletion on the basis that the material was protected/privileged. See id. at 7. No redactions were proposed by the parties. See ECF No. 60 (notice). Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Jason A.M. Fragoso, United States Department of Veterans Affairs, of counsel.

Jon W. Burd, Washington, DC, for intervenor-defendants.  Kendra P. Norwood and Nicole E. Giles, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

On November 18, 2020, defendant filed a motion for reconsideration of the court's October 26, 2020 order clarifying the scope of the court's remand of this matter to the United States Department of Veterans Affairs (VA).  See ECF No. 49.  Plaintiff and intervenor-defendants filed responses on December 10, 2020,[2] see ECF No. 53 (intervenor-defendants' joint response), ECF No. 54 (plaintiff's response), and defendant replied on December 17, 2020, see ECF No. 55.  The motion is now fully briefed and ripe for decision.

The court has considered all of the arguments presented by the parties and addresses the issues that are pertinent to the court's ruling in this opinion.  For the reasons set forth below, defendant's motion for reconsideration is **DENIED**.

I.   Background

Plaintiff filed this bid protest on April 10, 2020, challenging the corrective action taken by the VA after protests were filed by intervenor-defendants at the United States Government Accountability Office (GAO) challenging the agency's contract award to plaintiff.  See ECF No. 1.  On August 5, 2020, because it could not find any evidence in the administrative record setting forth the basis of the VA's decision to take corrective action, the court issued an opinion denying the parties' cross-motions for judgment on the administrative record and remanding this matter to the VA "so that the agency may address the grounds for the corrective action taken during the procurement at issue in this matter."  ECF No. 39 at 9 (public opinion).

Plaintiff subsequently moved for clarification of the remand on September 23, 2020, citing a difference in opinion between the parties as to the scope of the remand. See ECF No. 41 at 2.  Plaintiff understood the court to be requiring the agency to review its records and determine whether it had any evidence explaining the corrective action

---

[2]   The court ordered plaintiff to file a response to defendant's motion.  See ECF No. 51 (order).  Rule 59(f) of the Rules of the United States Court of Federal Claims (RCFC) only requires a response if ordered by the court; although the court did not order responses from the intervenor-defendants, the court has considered their joint response, ECF No. 53, in its ruling.

2

that could be provided to the court. See id. Defendant, on the other hand, understood the scope of the remand to be for the purpose of allowing the VA to "reach a new decision and provide a contemporaneous written explanation of the basis for that decision." ECF No. 46 at 1. Defendant further stated that the VA's new decision could be "essentially the same as, similar to, or different from the earlier decision challenged by [plaintiff]." Id.

The court, on October 26, 2020, issued an order granting plaintiff's motion and clarifying that the remand was for the limited purpose of permitting the VA to "identify any documents or materials that were prepared prior to the corrective action that would have informed the agency's decision-making process." ECF No. 48 at 2. The court further noted that defendant was not permitted pursuant to the remand to "seek a new decision at the VA, nor would such an action be appropriate." Id. Defendant has now moved for reconsideration of the court's order clarifying the remand. See ECF No. 49.

II.     Legal Standards

Rule 59(a) of the Rules of the United States Court of Federal Claims (RCFC) governs a motion for reconsideration.[3] Rule 59(a)(1) provides that rehearing or reconsideration may be granted: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1). Thus, the court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir.), cert. denied, 137 S. Ct. 389 (2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). "A motion for reconsideration must also be supported 'by a showing

---

[3] Defendant argues in its reply that the court should consider its motion "pursuant to Rules 54(b) and 59(a) . . . rather than RCFC 59(e)." ECF No. 55 at 2. Defendant notes that the standard under these rules is "less rigorous" and "amounts to determining, within the [c]ourt's discretion, whether reconsideration is necessary under the relevant circumstances." Id. at 2-3 (quoting Loveridge v. United States, 150 Fed. Cl. 123, 126 (2020)). In the court's view, the language of RCFC 54(b) and the caselaw applying that rule to guide reconsideration of non-final orders that adjudicate less than all of the parties' claims indicate that RCFC 54(b) is intended to govern only matters in cases in which the entry of a partial judgment is, or would be, appropriate. See BHB Ltd. P'ship v. United States, No. 19-1610, 2021 WL 222815 (Jan. 22, 2021) (denying motion for reconsideration and analyzing the application of the RCFC 54(b) and 59(a) standard to non-final orders). Thus, because the court's order clarifying its remand was a case management order, and not one for which entry of partial judgment was appropriate, the court applies the standard articulated under RCFC 59(a).

of extraordinary circumstances which justify relief.'" Id. (quoting Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).

III.     Analysis

   A.     Defendant's Motion for Reconsideration

In its motion for reconsideration, defendant argues that the court's order "appears inconsistent with recent precedent from the United States Supreme Court" that permits an agency to provide a "newly-created explanation of its prior decision" or to "mak[e] a new decision" on remand. Id. at 1, 4 (citing Dep't of Homeland Sec. v. Regents of the Univ. Cal., 140 S. Ct. 1891 (2020)).

Plaintiff responds by first noting that defendant's motion does not meet the legal standard for reconsideration because the caselaw cited by defendant was decided well before the parties briefed plaintiff's motion to clarify and defendant simply failed to include the caselaw in its briefing. See ECF No. 54 at 3-4. Plaintiff goes on to argue that this case is distinguishable from the Regents case because it is a bid protest case and must be decided under the Tucker Act, 28 U.S.C. § 1491, rather than under the Administrative Procedures Act (APA), 5 U.S.C. § 551. See id. at 5-8. Further, plaintiff contends, even if Regents applies, it does not permit the agency to create a new explanation for its action and does not justify permitting the agency to take new corrective action. See id. at 8-10.

Defendant replies that "justice requires reconsideration" because it "had little or no opportunity to bring Regents to the Court's attention earlier" given that it had only two business days to respond to plaintiff's motion. ECF No. 55 at 3. And, it is the APA standards that apply, even in bid protest cases, defendant argues. See id. at 4. Therefore, defendant reasons, Regents applies. See id. Defendant further contends that, because the United States Court of Appeals for the District of Columbia has interpreted Regents as permitting an agency to make a "'fuller explanation of the agency's reasoning'" when the record is devoid of reasoning for a decision, id. at 5 (quoting Bhd. of Locomotive Eng'rs & Trainmen v. Fed. R.R. Admin., 972 F.3d 83, 117 (D.C. Cir. 2020), the court here should permit the VA to provide a new explanation "elaborating on the reasoning in [the] VA's April 2, 2020 memorandum," id. at 5-7.

   B.     Reconsideration Is Not Warranted

Here, as plaintiff asserts, the caselaw and argument defendant puts forth does not amount to an intervening change in the controlling law, newly discovered evidence, or a clear factual or legal error that requires correction. See id. at 711. The Supreme Court issued its decision in Regents on June 18, 2020—well before plaintiff's motion for clarification was filed on September 23, 2020. See Regents, 140 S. Ct. at 1891. Therefore, the case is not an intervening change in the controlling law. Nor does defendant assert any new facts in its motion. See generally ECF No. 49. Thus, to justify

4

reconsideration, the court must need to correct a clear factual or legal error. Biery, 818 F.3d at 711. The precedent in the Regents case, however, does not demonstrate that the court made a clear legal error sufficient to warrant reconsideration.

In Regents, the Supreme Court notes that when the grounds for agency action are inadequate, the court "may remand for the agency to do one of two things: First, the agency can offer 'a fuller explanation of the agency's reasoning at the time of the agency action.'" Regents, 140 S. Ct. at 1907 (quoting Pension Benefit Guar. Corp. v. LTV Corp., 496 U.S. 633, 654 (1990)) (emphasis in original). "Alternatively, the agency can 'deal with the problem afresh' by taking new agency action." Id. at 1908 (quoting Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 201 (1947)) (emphasis in original). The Supreme Court also discussed two important limitations on the agency action: (1) "When an agency's initial explanation 'indicate[s] the determinative reason for the final action taken,' the agency may elaborate later on that reason (or reasons) but may not provide new ones," id. (quoting Camp v. Pitts, 411 U.S. 138, 143 (1973));[4] and (2) an agency making a new determination "is not limited to its prior reasons, but must comply with the procedural requirements for new agency action." Id. The Supreme Court analyzed the Department of Homeland Security's memorandum which set forth the reasons the agency took particular action and, based on the principles articulated above, determined that the offered explanation included "impermissible post hoc rationalizations" and could not be considered. Id. at 1909.

The remand in this bid protest case was a limited one for the purpose of determining whether the agency had omitted from the administrative record any relevant materials explaining its decision-making process with regard to the corrective action at issue. Because the court had concluded that the only explanation provided in the record was an impermissible post hoc rationalization, see ECF No. 39 at 8, defendant's reliance on Regents is misplaced. Any elaboration here, such as was sought in Regents, would be

---

[4] Defendant also cited Brotherhood of Locomotive Engineers and Trainmen v. Federal Railroad Administration, 972 F.3d 83 (D.C. Cir. 2020), in support of its argument that a new explanation is proper where the record was devoid of explanation for the agency's action. See ECF No. 49 at 3-4. In that case, however, the United States Court of Appeals for the District of Columbia found that the agency's "wholly unexplained approval of material decisions . . . was arbitrary and capricious," noting that what the Court "confront[ed] in this case is a total explanatory void." Bhd. of Locomotive Eng'r & Trainmen, 972 F.3d at 88, 117. The court, therefore, vacated the decision and then remanded it to the agency for action consistent with the remand actions described in Dep't of Homeland Sec. v. Regents of the Univ. Cal., 140 S. Ct. 1891 (2020). See id. at 117. In the court's view, this case does not support defendant's argument. Rather, it supports the proposition that, in the face of a "total explanatory void" such as the one here, the proper finding is that the agency's action was arbitrary and capricious, and the proper remedy is vacatur of that action. Id.

more impermissible post hoc rationalization as it would amount to an entirely new explanation.  See Regents, 140 S. Ct. at 1909.

Although the court in Regents notes that courts are permitted to remand a matter for a new decision, it does not require courts to do so.  See id. at 1907 (stating that the court "may remand for the agency to do one of two things") (emphasis added).  When an agency "seeks to defend its decision on grounds not previously articulated by the agency," the court "generally decline[s] to consider the agency's new justification" and "affirm[s] or reverse[s]."  SKF USA, Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001) (citing Chenery, 332 U.S. at 196; Koyo Seiko Co., Ltd. v. United States, 95 F.3d 1094, 1099-102 (Fed. Cir. 1996)).  However, "the agency may request a remand (without confessing error) in order to reconsider its previous position," which the court may grant if the "agency's concern is substantial and legitimate," rather than "frivolous or in bad faith."  Id. at 1029.  Thus, not only is an agency not guaranteed a remand to make a new decision, but such a remand would be inappropriate if the agency's concern were "frivolous or in bad faith."  Id.; see also 28 U.S.C. § 1491(a)(2) (permitting the court to remand matters "with such direction as it may deem proper and just").  Allowing the agency to render a new decision that might be "essentially the same as, similar to, or different from the earlier decision challenged by [plaintiff]," ECF No. 46 at 1, would permit the agency to effect an end-run around the bar against post hoc rationalizations.  In the court's view, such an action would be ill-considered.

Because the court's decision to limit the scope of the remand is consistent with the Regents precedent, there is no clear legal error to correct.  Reconsideration is, therefore, not appropriate in this case.

### C. Defendant Need Not Provide Privileged Materials

In its motion, defendant also requests clarification as to whether the court's remand  "obligates [defendant] to produce to the [c]ourt and the parties documents, if any, that would ordinarily be protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges."  ECF No. 49 at 4.  The court's remand order did not direct defendant to produce any privileged materials, it merely "permitted [the VA] to identify any documents or materials that were prepared prior to the corrective action that would have informed the agency's decision-making process . . . and advise the [c]ourt if it has anything in the record . . . that can be provided to the [c]ourt."  ECF No. 48 at 2 (emphasis added).  As such, defendant is not obligated, pursuant to the court's October 26, 2020 order, to provide any privileged documents to the court or the parties.

## IV. Conclusion

Accordingly, for the foregoing reasons:

(1) Defendant's motion for reconsideration of the court's October 26, 2020 order clarifying the remand in this matter, ECF No. 49, is **DENIED**;

(2) On or before **February 19, 2021**, the parties are directed to **CONFER** and **FILE** a **notice** attaching the parties' agreed upon redacted version of this opinion, with all competition-sensitive information blacked out; and

(3) All other outstanding deadlines in the court's August 5, 2020 order, ECF No. 34, remain in place.

IT IS SO ORDERED.

                                                       s/Patricia E. Campbell-Smith  
                                                       PATRICIA E. CAMPBELL-SMITH  
                                                       Judge