# In the United States Court of Federal Claims

No. 20-413C

(E-Filed: July 27, 2021)[1]

|  |  |  |
|---|---|---|
| CLARKE HEALTH CARE PRODUCTS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| THE UNITED STATES, | ) ) ) | |
| Defendant, | ) ) ) | |
| and | ) ) | Motion for Relief from Judgment; RCFC 60(b)(3). |
| ARMSTRONG MEDICAL SUPPLY GROUP, LLC, | ) ) ) ) | |
| Intervenor-defendant, | ) ) ) | |
| and | ) ) ) | |
| CONGRESSIONAL MEDICAL SUPPLY, LLC, | ) ) ) ) | |
| Intervenor-defendant. | ) ) ) | |

Julie M. Nichols, McLean, VA, for plaintiff. James S. Phillips, of counsel.

Joshua A. Mandlebaum, Trial Attorney, with whom were Brian M. Boynton, Acting Assistant Attorney General, Martin F. Hockey, Jr., Acting Director, and L. Misha

---

[1] This opinion was originally issued on July 16, 2021. See ECF No. 73. The parties were invited to identify all competition-sensitive information subject to deletion on the basis that the material is protected and privileged. No redactions were proposed by the parties. See ECF No. 74 (notice). Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Jason A.M. Fragoso, United States Department of Veterans Affairs, of counsel.

Jon W. Burd, Washington, DC, for intervenor-defendants.

OPINION

CAMPBELL-SMITH, Judge.

On April 13, 2021, plaintiff filed a motion seeking relief from the judgment entered in this case on February 22, 2021, pursuant to Rule 60(b)(3) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 69. Intervenor-defendants and defendant filed responses to the motion on April 27, 2021, see ECF No. 70 (intervenor-defendants' response), ECF No. 71 (defendant's response); and plaintiff filed its reply on May 4, 2021, see ECF No. 72. The motion is now fully briefed and ripe for decision.

The court has considered all of the arguments presented by the parties and addresses the issues that are pertinent to the court's ruling in this opinion. For the reasons set forth below, plaintiff's motion for relief from this court's February 22, 2021 judgment is **DENIED**.

I.  Background

Plaintiff filed this bid protest on April 10, 2020, challenging the corrective action taken by the United States Department of Veterans Affairs (VA) after protests were filed by intervenor-defendants at the United States Government Accountability Office (GAO) challenging the agency's contract award to plaintiff. See ECF No. 1. On August 5, 2020, because it could not find any evidence in the administrative record setting forth the basis of the VA's decision to take corrective action, the court issued an opinion denying the parties' cross-motions for judgment on the administrative record and remanding this matter to the VA "so that the agency may address the grounds for the corrective action taken during the procurement at issue in this matter." ECF No. 39 at 9 (August 10, 2020 opinion, reported at Clarke Health Care Products, Inc. v. United States, 149 Fed Cl. 440 (2020)).

During the course of remand proceedings, the VA determined that corrective action was appropriate. See ECF No. 61 at 1 (February 19, 2021 notice of corrective action). Defendant's February 19, 2021 notice of corrective action read, in its entirety, as follows:

> Please take notice that the United States Department of Veterans Affairs (VA) has decided to take corrective action by rescinding its decision to cancel the Group 3 portion of Solicitation No. 36C10G18R0123, and reinstating its decision to award a contract to plaintiff, Clarke Health Care Products, Inc., under the Group 3 portion of Solicitation No. 36C10G18R0123. Accordingly, this case is now moot.

Id. On February 22, 2021, the parties filed a joint stipulation of dismissal, which stated that "[c]orrective action by the United States has rendered the case moot." ECF No. 63 at 1. The court entered both an order dismissing the case and judgment thereon the same date. See ECF No. 64 (dismissal order); ECF No. 65 (judgment).

Plaintiff now seeks relief from the court's February 22, 2021 judgment. See ECF No. 69. According to plaintiff, intervenor-defendants both filed protests challenging the corrective action before the Government Accountability Office (GAO) after judgment was entered in this case. See ECF No. 69. In response to those protests, the VA amended the corrective action plan that it had presented to the court in its February 19, 2021 notice of corrective action. See id. at 4. The new notice of corrective action stated, in relevant part, as follows:

> The instant GAO protests follow a Court of Federal Claims (COFC) protest filed by Clarke and later dismissed by the Court. That COFC protest challenged VA's decision to take corrective action in the face of similar challenges brought by Protester 1 and 2 over a year ago. See unpublished GAO decisions in B-417469.2 and B-417469.3. Upon reviewing the record, which is unchanged from last year, the contracting officer has concluded numerous irregularities exist where he believes the GAO will likely sustain the protest. It follows then that the VA must take corrective action.
>
> **II.     Proposed Terms of Corrective Action**
>
> The proposed terms of corrective action are as follows: (1) cancel the reinstatement of contract award under Group 3; (2) cancel the solicitation for Group 3; (3) conduct market research; (4) validate the current requirements for Group 3; (5) prepare a new acquisition plan package; and (6) issue a new solicitation.

ECF No. 69-1 at 2-3 (Exhibit A to plaintiff's motion, defendant's notice to the GAO of corrective action, dated April 2, 2021). The VA did not reinstate the contract award to plaintiff under the new corrective action plan. See ECF No. 69 at 4-5. And according to plaintiff, the VA's failure to do so is evidence that the VA misrepresented to the court its intention to reinstate the contract award in its February 19, 2021 notice of corrective action. See id. at 6.

3

II.     Legal Standards

Rule 60(b)(3) states: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." In order "[t]o succeed on a motion under RCFC 60(b)(3), the movant must demonstrate fraud, misrepresentation, or misconduct by clear and convincing evidence." Wagstaff v. United States, 118 Fed. Cl. 172, 176 (2014), aff'd, 595 F. App'x 975 (Fed. Cir. 2014) (quoting Madison Servs., Inc. v. United States, 94 Fed. Cl. 501, 507 (2010)). "In addition, the fraud or misconduct must have 'prevented the movant from receiving a fair hearing or trial.'" Id. (quoting Griffin v. United States, 96 Fed. Cl. 1, 9 (2010)). "Unsupported allegations and innuendo are insufficient to warrant relief." Id.

III.    Analysis

A.      Plaintiff Is Not Entitled to Relief Pursuant to RCFC 60(b)(3)

Plaintiff asserts that defendant's conflicting decisions—first to reinstate the contract award to plaintiff, and then to cancel the relevant part of the solicitation without doing so—is "erratic behavior by the VA [that] points to clear and convincing misrepresentations to the [c]ourt when it filed its Corrective Action as the basis to dismiss this case." ECF No. 69 at 6. Other than the description of defendant's decision to change the course of its corrective action following the most recent GAO protests, plaintiff offers no evidence that defendant misrepresented its intent to reinstate plaintiff's contract award on February 19, 2021. See generally ECF No. 69, ECF No. 72. Plaintiff insists that misrepresentation is the only "way to explain the inconsistency in [the VA's] position given that nothing in the record has changed between the case [before this court] and the new protests at the GAO." ECF No. 69 at 6.

In the court's view, however, defendant offers an entirely plausible explanation in its response in which it states, as follows:

> At the time of the corrective action on February 18-19, 2021, VA intended to enter into a contract with Clarke. Following the corrective action announced on February 19, 2021, VA proceeded with the necessary steps to enter into that contract. That is why [intervenor-defendants] protested again. The protest from [intervenor-defendants] required VA to consider the merits of the protest and respond in good faith. VA decided to take corrective action to cancel the solicitation and resolicit, believing that to be the most appropriate response in light of the concerns raised by [intervenor-defendants], the litigation risk VA faced before the GAO, the state of the market, and the VA's needs.

4

ECF No. 71 at 10 (citations omitted).  Plaintiff has not offered any evidence to counter defendant's characterization of its decision-making process, and "[u]nsupported allegations and innuendo are insufficient to warrant relief."  Wagstaff, 118 Fed. Cl. at 176.  The implementation of a new corrective action plan based on intervening events, without more, falls far short of the "clear and convincing evidence" of misrepresentation required to justify relief under RCFC 60(b)(3).  Id.

In concluding that plaintiff has failed to meet its burden under RCFC 60(b)(3), the court makes no determination with regard to the propriety of defendant's decision to revise the corrective action plan.  The administrative record relevant to that decision is not before the court, and any challenge to the new corrective action plan would need to be filed as an independent bid protest in order to allow review by this court.

> B. The Court Rejects Plaintiff's Requests Made Pursuant to RCFC 11(c)(3) and RCFC 60(b)(6)

The central argument in plaintiff's motion relates to RCFC 60(b)(3), but plaintiff also asks the court for relief on two additional grounds:  (1) plaintiff "urges the [c]ourt, pursuant to RCFC 11(c)(3), to require the [d]efendant VA to show cause as to why its conduct has not violated RCFC 11(b)," ECF No. 69 at 1-2; and (2) plaintiff argues, for the first time in its reply, that it is entitled to relief pursuant to RCFC 60(b)(6), see ECF No. 72 at 8-10.  The court declines to grant the relief requested under either rule.

Rule 11(b) governs an attorney's duty of candor to the court, and RCFC 11(c) provides for the imposition of sanctions on an attorney who violates that duty.  Here, as previously noted, plaintiff has failed to present evidence that defendant's counsel misrepresented the VA's intention to reinstate plaintiff's contract award on February 19, 2021.  As such, there is no evidence before that court that could serve as basis for a show cause order or the imposition of sanctions.

The court declines to address plaintiff's argument that it is entitled to relief under RCFC 60(b)(6) because this argument was raised for the first time in its reply, and neither defendant nor intervenor-defendants have been afforded the opportunity to brief the issue.  See United States v. Ford Motor Co., 463 F.3d 1267, 1276 (Fed. Cir. 2006) ("Arguments raised for the first time in a reply brief are not properly before this court.").

IV. Conclusion

Accordingly, for the foregoing reasons:

(1) Plaintiff's motion for relief from the court's February 22, 2021 judgment, ECF No. 69, is **DENIED**; and

(2) On or before **July 30, 2021**, the parties are directed to **CONFER** and **FILE** a **notice** attaching the parties' agreed upon redacted version of this opinion, with all competition-sensitive information blacked out.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith<br>
PATRICIA E. CAMPBELL-SMITH<br>
Judge